UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GERALD JAMES CARTER,

                Plaintiff,

v.                                              Case No. 3:21-cv-838-BJD-JBT

J. MCCULLEN, et al.,

                Defendants.

_____

## <u>ORDER TO SHOW CAUSE</u>

Plaintiff, proceeding <u>pro se</u>, initiated this action on August 26, 2021, by mailing to the Court a Civil Rights Complaint (Doc. 1; Compl.) and a request to proceed as a pauper (Doc. 3). The Court-approved Civil Rights Complaint form requires prisoners to disclose information regarding previous lawsuits initiated by them, including those dealing with the same facts or relating to the conditions of their confinement. <u>See</u> Compl. at 9-10. Plaintiff executed and signed the Complaint form, certifying his compliance with Rule 11 of the Federal Rules of Civil Procedure. <u>Id.</u> at 11. In response to the following question, Plaintiff responded "no": "Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?" <u>Id.</u> at 9-10.

A search of Plaintiff's litigation history reveals he previously filed the following cases relating to the conditions of his confinement: (1) 3:13-cv-01208-BJD-JRK (M.D. Fla.) (alleging Eighth Amendment violations by officers at Suwannee Correctional Institution-Annex); (2) 5:16-cv-00299-LC-CJK (N.D. Fla.) (alleging Eighth Amendment violations by officers at Northwest Florida Reception Center); (3) 3:17-cv-00130-HES-MCR (M.D. Fla.) (alleging Eighth Amendment violations by officers at Florida State

Prison); and (4) 3:18-cv-01414-HLA-JRK (M.D. Fla.) (alleging Eighth and Fourteenth Amendment violations by officers and a doctor at Florida State Prison).

A district court may impose sanctions, including the dismissal of an action without prejudice, against "a party [who] knowingly files a pleading contain[ing] false contentions." Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (citing Fed. R. Civ. P. 11(c)). Additionally, the Prison Litigation Reform Act (PLRA) provides a district court shall promptly review complaints filed by prisoners against governmental entities or officers. See 28 U.S.C. § 1915A(b)(1). Under the PLRA, a court must dismiss a complaint or a portion of a complaint if the complaint is frivolous, malicious, or fails to state a claim. Id. See also 28 U.S.C. § 1915(e)(2)(B)(i), (ii). The Eleventh Circuit has held, "In the analogous context of the dismissal of a suit as malicious under § 1915(e)(2)(B)(i), . . . [a prisoner's] failure to comply with court rules requiring disclosures about [his] previous litigation constitutes an abuse of the judicial process warranting dismissal." Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (citing Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997)). See also Jenkins v. Hutcheson, 708 F. App'x 647, 648 (11th Cir. 2018) (affirming dismissal without prejudice under § 1915 for the plaintiff's "failure to fully disclose his litigation history").

Given Plaintiff's apparent lack of candor, the dismissal of this action may be warranted as an abuse of the judicial process. Therefore, by **October 8, 2021**, Plaintiff shall **SHOW CAUSE** why this case should not be dismissed without prejudice for his failure to honestly apprise this Court of his litigation history. Plaintiff's failure to show satisfactory cause by the designated deadline may result in the dismissal of this case without further notice.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of September, 2021.

JOEL B. TOOMEY
United States Magistrate Judge

Jax-6
c:
Gerald James Carter, #G11093

3