UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GERALD JAMES CARTER,

        Plaintiff,

v.                                            Case No. 3:21-cv-00838-BJD-JBT

J. MCCULLEN, et al.,

        Defendants.
_____

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff, Gerald James Carter, an inmate of the Florida penal system, initiated this action pro se by filing a complaint for the violation of civil rights (Doc. 1; Compl.) and a motion to proceed in forma pauperis (Doc. 2).[1] In his complaint, Plaintiff represents he has filed no other lawsuits in federal court dealing with the conditions of his imprisonment, see Compl. at 9-10, but a search of Plaintiff's litigation history reveals he has filed the following cases: (1) 3:13-cv-01208-BJD-JRK (M.D. Fla.) (alleging Eighth Amendment violations by officers at Suwannee Correctional Institution-Annex); (2) 5:16-cv-00299-LC-

---

[1] Plaintiff asserts violations of the Eighth and Fourteenth Amendments based on incidents that occurred at Florida State Prison in 2020 and 2021. See Compl. at 3, 5. He alleges officers falsified disciplinary reports, sprayed him, or allowed him to be sprayed, with chemical agents for no reason, and "unlawfully" transferred him. Id. at 12.

CJK (N.D. Fla.) (alleging constitutional violations by officers at Northwest Florida Reception Center); (3) 3:17-cv-00130-HES-MCR (M.D. Fla.) (alleging Eighth Amendment violations by officers at Florida State Prison); and (4) 3:18-cv-01414-HLA-JRK (M.D. Fla.) (alleging Eighth and Fourteenth Amendment violations by officers and a doctor at Florida State Prison). Plaintiff signed the complaint, certifying his compliance with Rule 11 of the Federal Rules of Civil Procedure. Id. at 11. Given Plaintiff's apparent lack of candor, the Court directed him to show cause why the case should not be dismissed without prejudice. See Order to Show Cause (Doc. 3).

In response to the Order to Show Cause (Doc. 4; Pl. Resp.), Plaintiff concedes he answered "no" in response to the question asking whether he filed prior cases relating to the conditions of his imprisonment, but he says he did so unintentionally. See Pl. Resp. at 1. Plaintiff contends he has no legal training and the phrase "otherwise relating to" confused him. Id. He says he construes the phrase "lawsuits . . . otherwise relating to the conditions of [his] imprisonment" to exclude cases arising out of "isolated incidents involving state officials . . . violat[ing] his constitutional rights." Id. at 2. Plaintiff requests an opportunity to submit an amended page 9 of the complaint form (asking about a litigant's filing history). Id.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint or a portion of a complaint if the complaint is frivolous, malicious, or fails to state a claim. See 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii), 1915A(b)(1). The Eleventh Circuit has held a court's discretion to dismiss an action under § 1915 includes those situations where a plaintiff fails to truthfully disclose his litigation history because such conduct "constitutes an abuse of the judicial process." Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (citing Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997)). See also Jenkins v. Hutcheson, 708 F. App'x 647, 648 (11th Cir. 2018) (affirming dismissal without prejudice under § 1915 for the plaintiff's "failure to fully disclose his litigation history").

Additionally, Rule 11 of the Federal Rules of Civil Procedure permits a district court to impose sanctions on a party who knowingly files a pleading containing a false contention. See Fed. R. Civ. P. 11(b). The Eleventh Circuit instructs that courts should hold pro se litigants to "less stringent standards" than those proceeding with lawyers, see Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020), but "a plaintiff's pro se status will not excuse mistakes regarding procedural rules," see Redmon v. Lake Cnty. Sheriff's Off., 414 F. App'x 221, 225-26 (11th Cir. 2011) (citing McNeil v. United States, 508 U.S. 106, 113 (1993)).

Upon careful consideration of Plaintiff's response and his filing history, the Court finds Plaintiff's explanation that he misunderstood the complaint form disingenuous. The question at issue asks whether a litigant has "filed other lawsuits in state or federal court otherwise relating to the conditions of [his] imprisonment." See Compl. at 9. This question is clear, especially when read in conjunction with the immediately preceding question, which asks whether a litigant has filed other cases "dealing with the same facts" as those involved in the instant action. Id. Reading these questions together, there is no ambiguity that the phrase "otherwise relating to the conditions of [one's] imprisonment" would encompass all lawsuits a prisoner initiated for constitutional violations that occurred in prison other than those that involved the same facts. Id.

While Plaintiff is proceeding pro se and has no formal legal training, his litigation history suggests he is an experienced prison-litigator. Plaintiff has successfully initiated multiple civil rights cases. Moreover, in his prior civil rights complaints filed in this Court, Plaintiff disclosed cases in which he alleged prison officials violated his constitutional rights, undermining his contention that he construed the question in the complaint form to exclude these types of cases. See Middle District Case Nos. 3:18-cv-01414-HLA-JRK (Doc. 6) (disclosing a 2013 case involving allegations of cruel and unusual

4

punishment as one "relating to [his] imprisonment"); 3:17-cv-00130-HES-MCR (Docs. 1, 35) (disclosing a 2016 case involving alleged violations of the First, Eighth, and Fourteenth Amendments as one relating to "the conditions of [his] confinement").

Even if Plaintiff's omission was unintentional or he legitimately found the question unclear, the Eleventh Circuit has explained a misunderstanding does not excuse a prisoner's failure to truthfully answer straightforward questions in a civil rights complaint form. See Redmon, 414 F. App'x at 226 (holding the district court did not abuse its discretion dismissing a pro se prisoner's complaint for abuse of judicial process, despite the plaintiff's contention that he misunderstood the complaint form, which "clearly asked [the plaintiff] to disclose previously filed lawsuits . . . with similar facts . . . [and those] otherwise relating to his imprisonment or conditions of his imprisonment"). See also Jenkins, 708 F. App'x at 648, 649 (holding "the district court was entitled to dismiss [the plaintiff's] complaint based on his failure to fully disclose his litigation history," even though the plaintiff disclosed some of his prior cases and his conduct appeared unintentional).

The Court finds Plaintiff's misrepresentation of his litigation history amounts to an abuse of judicial process, warranting dismissal of the action without prejudice subject to his right to initiate a new case if he so chooses.

Under the circumstances, the Court declines to permit Plaintiff to amend his complaint.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice** under the PLRA.[2]

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3. The **Clerk** shall send Plaintiff a civil rights complaint form. If Plaintiff chooses to initiate a new case by filing a new civil rights complaint form, he should not put this case number on the form because the Clerk will assign a new case number upon receipt.

**DONE AND ORDERED** at Jacksonville, Florida, this 26th day of October 2021.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:   Gerald James Carter

---

[2] Plaintiff is advised the dismissal of this action constitutes a "strike" under the PLRA. See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998), abrogated on other grounds by Jones v. Bock, 549 U.S. 199, 216 (2007) ("[D]ismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g).").